# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Deanne D. Brown, | ) | C/A No.: 3:11-723-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Carolyn C. Colvin, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court upon motion of the plaintiff's counsel, W. Daniel Mayes, for attorney fees under the Social Security Act, 42 U.S.C. § 406(b). Counsel has submitted copies of the Notice of Award from the Commissioner and the signed Fee Agreement from the plaintiff. The Commissioner has responded indicating that she takes no position on the plaintiff's motion.

Plaintiff's counsel petitions the court for approval of the federal court related fee in the amount $2,205.52 pursuant to the terms of a written contingent-fee agreement with the plaintiff. That contingent-fee agreement provides, in pertinent part, for the payment of attorney fees in the amount of 25% of all past-due benefits recovered.

The initial award to the plaintiff on April 17, 2013 was $20,377.96 in back SSI benefits. The Commissioner subsequently notified the plaintiff that the total back benefits should have been $11,555.90 less, for a new total of $8,822.06 in back benefits. Counsel for the plaintiff has already received $4,209 in Title II fees for work before the Social Security

1

Administration, but has not received 25% of the SSI back benefits that were withheld to pay attorney's fees. Thus, counsel seeks the amount of $2,205.52.

In the United States Supreme Court case of *Gisbrecht v. Barnhart*, 535 U.S. 780 (2002), the Court held that the provision of the Social Security Act limiting attorney fees to 25% of past-due benefits does not displace contingent-fee agreements that are within such statutory ceiling, and instructs courts to review for reasonableness fees yielded by such agreements.

Upon review of the material submitted to the court, the undersigned finds that plaintiff counsel's request for attorney fees is reasonable. Therefore, it is ordered that the plaintiff's attorney may collect a fee of $2,205.52 from past due benefits.

This court previously awarded attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $4,914. The plaintiff would normally be entitled to a refund from attorney Mayes for this amount. However, that amount was paid to the United States Department of Education as part of a debt previously owed by the plaintiff.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

September 3, 2013
Columbia, South Carolina

2